UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| OMAR SURKHI, | Case No. 21-cv-00916-BAS-NLS |
|---|---|
| Plaintiff, | **ORDER:** |
| v. | **(1) REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION;** |
| CHANTELLE KING, | |
| Defendant. | **AND** |
| | **(2) TERMINATING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF No. 4)** |

On May 13, 2021, Defendant Chantelle King, proceeding pro se, removed this matter to federal court based on federal question jurisdiction under 28 U.S.C. § 1331. (Notice of Removal, ECF No. 1.)  On the same day, she filed an Answer to the Complaint (ECF No. 2) and a motion seeking leave to proceed *In Forma Pauperis* ("IFP").  (ECF No. 4.)

Courts address the issue of subject matter jurisdiction first, as "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)).  "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

"They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman–Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

Here, Defendant invokes federal question jurisdiction under 28 U.S.C. § 1331 because, she alleges, her Answer filed in the state court lawsuit was not sustained and "depends on the determination of Defendant's rights and Plaintiff's duties under federal law." (Removal at 2.)   The case removed here is a residential unlawful detainer action stating one cause of action under Cal. Code Civ. P. § 1946(b)(1) and (b)(2). (Compl. ¶ 8, Ex. A to Removal, ECF No. 1-2.)   Therefore, the action arises exclusively under

California state law.  Nonetheless, Defendant argues that federal question exists because Plaintiff's Notice to Quit failed to comply with California's procedures under Cal. Code Civ. P. § 1161(2).  (Removal at 2.)

Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  A federal "defense is not part of a plaintiff's properly pleaded statement of his or her claim."  *Id.* (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, (1987)).  A case, therefore, may not be removed to federal court based on a federal defense "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."  *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 14 (1983); *see also Rivet*, 522 U.S. at 475.

The Court is not convinced that federal question jurisdiction exists under 28 U.S.C. § 1331.  Plaintiff's Complaint does not raise a federal issue.  At best, Defendant raises a federal defense to Plaintiff's action based on the Fourteenth Amendment's due process clause.  But, even so, this Court lacks federal question jurisdiction under the well-pleaded complaint rule.  *See Deutsche Bank Nat'l Tr. Co. v. Forteza*, No. CV 12-1561 CAS (EX), 2012 WL 12897033, at *1 (C.D. Cal. Mar. 9, 2012) (citing *McAtee v. Capital One, F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007)) ("A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail."); *see also NBG Properties, LLC v. Distefano*, No. CV 13-03863-CAS (JCx), 2013 WL 12155189, at *1 (C.D. Cal. June 25, 2013) ("Defendant cannot create federal subject matter jurisdiction by attempting to raise a defense under the Fourteenth Amendment to the U.S. Constitution or other federal law.").  As such, Defendant can raise her defense in

state court, but she cannot rely on it to remove this action to this Court. *See, e.g.*, *Aurora Loan Servs., LLC. v. Martinez*, No. C10-01260 HRL, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010).[1]

Defendant has failed to meet her burden of establishing this Court's subject matter jurisdiction under 28 U.S.C. § 1331. She does not allege any other basis for such jurisdiction in her Notice of Removal. Accordingly, the Court **REMANDS** this action to the San Diego Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Further, because the Court lacks jurisdiction over this case, the Court **TERMINATES** Defendant's motion for leave to proceed IFP (ECF No. 4).

**IT IS SO ORDERED.**

**DATED: May 17, 2021**

Hon. Cynthia Bashant
United States District Judge

---

[1] Plaintiff also states that supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367. (Removal at 2.) However, this Court has no authority to adjudicate supplemental claims under § 1367 where there is no underlying subject matter jurisdiction. *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) ("[Section 1367]'s plain language makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it.").